JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SMARTRESOURCES, INC.
~~303 CV 1332 N~~

**DEFENDANTS** ELIZABETH FREEMAN
GLOBAL VISION CONSORTIA INCORPORATED
OPTIONS FINANCIAL CORPORATION
SIMPLIFYMYWORK.COM
EXTOL CORPORATION

(b) County of Residence of First Listed Plaintiff  DALLAS COUNTY, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**303 CV 1332 N**

(c) Attorney's (Firm Name, Address, and Telephone Number)
ANDREEA NICOLAE
5454 LA SIERRA DRIVE  SUITE 100
DALLAS, TEXAS 75231
214-871-8710

Attorneys (If Known)

RECEIVED
JUN 16 20
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USCS 1331   28 USCS 1332   SECURITIES ACT OF 1933

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 3:03-cv-01332-N   Document 1   Filed 06/16/03   Page 2 of 11   PageID 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SMARTRESOURCES, INC. | § | |
| | § | |
| Plaintiff | § | 3 0 3 C V 1 3 3 2   N |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ELIZABETH FREEMAN, | § | |
| GLOBAL VISION CONSORTIA | § | |
| INCORPORATED, | § | |
| OPTIONS FINANCIAL CORPORATION, | § | |
| SIMPLIFYMYWORLD.COM, AND | § | |
| EXTOL CORPORATION | § | |
| | § | |
| Defendants | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 6 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SmartResources, Inc., files its original complaint against Elizabeth Freeman, Global Vision Consortia Incorporated, Options Financial Corporation, Simplifymyworld.com, and Extol Corporation, Defendants, and for cause of action would respectfully show the Court the following:

### Parties

1.    Plaintiff is a Texas Corporation doing business in Dallas County, Texas.

2.    Defendant, Elizabeth Freeman ("Freeman") is an individual who resides in the State of California and who has done business in Dallas County, Texas, and may be served with citation at the offices of Global Vision Consortia Incorporated located at 12636 Hoover Street, Garden Grove, Orange County, California 92814.

Plaintiff's Original Complaint Page -    1

3.      Defendant, Global Vision Consortia Incorporated ("GVC"), is a Nevada Corporation doing business in Dallas County, Texas, and may be served by delivering citation to its registered agent, Resident Agents of Nevada, Inc. at 711 S. Carson Street, #4, Carson City, Nevada 89701.

4.      Defendant, Options Financial Corporation ("Options"), is a Nevada Corporation doing business in Dallas County, Texas, and may be served by delivering citation to its registered agent, Resident Agents of Nevada, Inc. at 711 S. Carson Street, #4, Carson City, Nevada 89701.

5.      Defendant, Simplifymyworld.com ("Simplify"), is a Nevada Corporation doing business in Dallas County, Texas, and may be served by delivering citation to its registered agent, PPI Resident Agents, Inc. at 711 S. Carson Street, #4, Carson City, Nevada 89701.

6.      Defendant, Extol Corporation ("Extol"), is a Nevada Corporation doing business in Dallas County, Texas, and may be served by delivering citation to its registered agent, Resident Agents of Nevada, Inc. at 711 S. Carson Street, #4, Carson City, Nevada 89701.

## Jurisdiction and Venue

7.      This is a suit between a corporation and an individual residing in another state and against corporations which are residents of another state. The Plaintiff and none of the Defendants are domiciled in the same state. This suit also involves a question of federal law. Some of the representations made by Defendants were done in Dallas County, Texas. This Court has jurisdiction pursuant to 28 U.S.C.A §§ 1331 and 1332.

## Facts

8.      In February of 2003, Freeman was the sole shareholder, officer, and director of GVC.

9. During that month Freeman approached Plaintiff about making an investment in or loan to GVC. At that time Freeman stated that she needed approximately $50,000.00 to bring all of her commission accounts current.

10. GVC was represented by Freeman to be a multi-level marketing company in the business of providing educational materials to help people with their finances and to provide vendors who could help customers with credit repair and debt consolidation. As a result of sales made by independent contractors, GVC would pay commissions on those sales.

11. Options was represented by Freeman to be a non-profit corporation which aided customers with debt consolidation and also paid commissions on sales. In fact, Options is wholly owned by Freeman, who is its only shareholder, director and officer. Options was in fact set up to avoid Federal Law regarding debt services and to divert monies belonging to GVC to Options in fraud of the creditors of GVC. Options is in fact, the alter ego of Freeman.

12. As negotiations commenced, Plaintiff requested that Freeman produce the financial records of GVC.

13. Among the documents produced was a Balance Sheet dated December 31, 2002, which was represented by Freeman to be the last Balance Sheet prepared by GVC and further represented by Freeman to be an accurate financial document and financial picture of GVC.

14. A copy of the Balance Sheet is attached hereto as GVC 00001 and is incorporated herein for all purposes. The Balance Sheet shows that there was no current liabilities as of December 31, 2002, and total capital of $130,397.19. No other Balance Sheet for activities during 2002 or 2003 was ever produced.

15. At the time Freeman represented to Plaintiff that the December 31, 2002, Balance Sheet was an accurate portrayal of the financial status of GVC, she knew that the information contained in said document was false and untrue. She further intended for Plaintiff to rely upon said document and her representations and knew that Plaintiff would do so. Plaintiff did rely upon the information contained in said Balance Sheet, however, the information was false and untrue. As a result of relying upon the false information provided by GVC and Freeman Plaintiff has been damaged.

16. By the time the terms of the investment had been agreed upon it was near the end of March, 2003, and the immediate financial needs of GVC had risen to $100,000.00, allegedly to consist of current commissions payable and current accounts payable. Plaintiff repeatedly requested an accounts payable list, but Freeman stated that she was unable to produce the same because everything was so current that the bookkeeper had not completed it yet.

17. On March 28, 2003, the parties entered into an Agreement that provided for the purchase of stock in GVC and a loan to GVC, totaling $100,000.00 as well as an agreement to do business together. A true and correct copy of this agreement is attached hereto as GVC 00002 through GVC 00006 and is incorporated herein for all purposes.

18. Within a couple of weeks after the infusion of cash by Plaintiff, Freeman represented that she needed additional cash in order to keep the commissions current. She also stated that she needed money for Options in order to pay commissions that Options owed. Over the next several weeks Plaintiff advanced an additional $53,500.00 to GVC and Options for the specific purpose of paying commissions. In addition, Plaintiff allowed GVC to charge

$5,343.68 in expenses on its corporate American Express card.

19. Being concerned about the additional cash requests and sensing that something was wrong, Plaintiff demanded that Freeman produce an account payable record. As a result of said demand, Freeman finally produced an accounts payable record dated May 9, 2003. A true and correct copy of said record is attached hereto as GVC 00007 through GVC 00014.

20. The accounts payable record which was finally produced, revealed that there was $142,160.74 in previously undisclosed accounts payable, after the infusion of over $153,500.00 in cash by the Plaintiff. Of the $142,160.74 in current payables, more than one-half, $78,273.74 was due as of December 31, 2002, and was not disclosed by Freeman or GVC on the December 31, 2002 Balance Sheet. Of the $63,887.00 incurred during 2003, $34,797.01 had been incurred prior to the signing of the agreement and had not been disclosed by Freeman or GVC. In addition, Plaintiff believes that the actual amount due as of December 31, 2002, was greater than $142,160.74 and Freeman used part of the money advanced by Plaintiff to pay those payables.

21. Plaintiff has requested an accounting of the monies provided by it, which accounting has been refused by Freeman.

22. Plaintiff has also requested that its CPA do an audit of GVC'c accounts, which has also been refused by Freeman.

23. In May, 2003, Plaintiff learned that the additional monies it had advanced for the specific purpose of paying commissions, had not been used to pay those commissions, but had been diverted to other purposes and that the commissions remained unpaid. Plaintiff believes that part of the funds provided by it were diverted to Freeman's personal use or

benefit.

24. Plaintiff subsequently made a demand upon Freeman and GVC to sign a note for the $53,500.00 advanced, which Freeman has failed and refused to do.

25. Plaintiff made demand for repayment of the $53,500.00 advanced by Plaintiff, but Freeman and GVC have refused to repay the monies.

26. Plaintiff then learned that Freeman incorporated Simplifymyworld.com on April 23, 2003, and Plaintiff believes Freeman diverted funds of GVC to the new corporation. Freeman is believed to be the sole shareholder, officer, and director of Simplifymyworld and that said corporation is the alter ego of Freeman and is used to defraud the creditors of GVC. When confronted by Plaintiff about who funded Simplifymyworld, Freeman refused to identify the source of the funds.

27. Plaintiff requested that Freeman identify all corporations where she was a shareholder, officer, or director. Freeman identified all of the corporations named in this suit and three additional corporations, but failed to identify Extol. Freeman is believed to be the sole shareholder, officer, and director of Extol and said corporation is her alter ego and used for the purpose of defrauding the creditors of GVC, including Plaintiff. Plaintiff believes Freeman used Extol to move money actually belonging to GVC to offshore bank accounts.

28. Plaintiff also advanced the sum of $15,000.00 to Freeman, individually, upon representations by Freeman that she needed the money to pay personal accounts and that she would repay the money. Plaintiff believes those representations to have been false.

29. As a result of the fraud perpetrated by the Defendants Plaintiff has been damaged in the amount of $158, 843.68, and in the amount of an additional $15,000.00 with

regard to Freeman, individually.

30. Plaintiff has been required to hire an attorney to present its causes of action against these Defendants. Plaintiff requests that it be awarded its reasonable and necessary attorney's fees incurred in this matter through a writ of error to the Supreme Court in an amount of not less than $25,000.00.

## Causes of Action

### Accounting

31. Plaintiff requests that Defendants produce a complete accounting of the revenues and expenses of each Defendant by a certified public accountant.

### Securities Act of 1933

32. The actions of Freeman and GVC constitute a flagrant violation of the United States Securities Act of 1933, by failing to disclose relevant financial information when offering securities for sale. As a result of said violations Plaintiff has been damaged in the amount of $158,843.68.

### Fraud

33. The actions of Freeman, Options, Simplifymyworld, Extol, and GVC constitute fraud which resulted in damages to Plaintiff in the amount of $158,843.68, plus the additional amount of $15,000.00 as to Freeman, individually.

### Declaratory Judgment

34. As a direct result of the fraud perpetrated upon the Plaintiff by GVC and Freeman, Plaintiff requests the Court to enter a declaratory judgment that the contract dated March 27, 2003, is null and void.

### Permanent Injunction

35. Plaintiff has no adequate remedy at law to prevent Freeman and GVC from further violations of the Securities Laws of the United States and requests that this Court enter a permanent injunction against Freeman and GVC prohibiting them from:

    a. selling securities in a corporation without making a full and true disclosure of the financial condition of the corporation;

    b. offering to sell securities in a corporation without making a full and complete disclosure of the financial condition of the offering corporation.

### Intentional Misrepresentation

36. The actions of Freeman constitute an intentional misrepresentation resulting in damages to Plaintiff in the amount of $173,843.68.

### Breach of Fiduciary Duty

37. At all times material hereto, Freeman was the majority shareholder, president, and chief executive officer of GVC. After March 27, 2003, Plaintiff was a minority shareholder in GVC to which Freeman owed a fiduciary duty. Freeman breached that fiduciary duty resulting in damages to Plaintiff in the amount of $158,843.68.

### Constructive Fraud

38. The actions of the Defendants constitute a constructive fraud which resulted in damages to Plaintiff in the amount of $158,843.68.

### Unjust Enrichment

39. The actions of the Defendants constitute an unjust enrichment to the Defendants

resulting in damages to the Plaintiff in the amount of $158,843.68, plus the additional amount of $15,000.00 with regard to Freeman, individually.

### Breach of Duty of Good Faith and Fair Dealing

40. The relationship between the parties required Defendants to deal fairly and in good faith with the Plaintiff. In addition, the March 27, 2003, agreement required GVC to deal fairly and in good faith with the Plaintiff. The actions of GVC constitute a violation of GVC's duty to deal fairly and in good faith, resulting in damages to the Plaintiff in the amount of $158,843.68.

### Self Dealing

41. The actions of Freeman constitute self dealing resulting in damages to Plaintiff in the amount of $158,843.68.

### Exemplary Damages

42. The actions of the Defendants, as set forth in paragraphs 8-28 above, were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Defendants acted with an evil intent to harm Plaintiff. Defendants' conduct was intentional, willful, wanton and without justification or excuse. Defendants intentionally acted with gross indifference to the rights of Plaintiff. Plaintiff, therefore, requests that it be awarded exemplary damages in an amount to be determined by the Court.

### Attorney's Fees

43. Plaintiff requests that it be awarded its reasonable and necessary attorney's fees rendered and to be rendered in the investigation and prosecution of this action, together with

reasonable and necessary fees that may be incurred in the event of an appeal, up to and including the Supreme Court, in an amount of not less than $25,000.00

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SmartResources, Inc. prays that Defendants be cited to appear and answer herein, and after a complete hearing that Plaintiff be awarded judgment against Defendants, Elizabeth Freeman, Global Vision Consortia Incorporated, Options Financial Corporation, Simplifymyworld.com, and Extol Corporation, jointly and severally, for the sum of $158,843.68, exemplary damages as are assessed by the Court, attorney's fees, the additional sum of $15,000.00 against Elizabeth Freeman, individually,

Respectfully Submitted,

_____
ANDREEA NICOLAE
5454 La Sierra Drive, Suite 100
Dallas, Texas 75231
(214) 871-8710
(214) 871-0070 (Fax)
STATE BAR NO. 24029746